```
             IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HARRISON DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

         v.          Criminal No. 04-30009
                     Civil No. 08-03032

CLIFFORD LEE GRAYSON, JR.                    DEFENDANT/PETITIONER
```

### O R D E R

NOW on this the 23rd day of March 2009, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #50), filed on November 3, 2008, and Petitioner's objections thereto (document #51).

Petitioner offers his objections as a "statement of necessity" under Local Rule 72.1.  Local Rule 72.1 provides that a party objecting to a Magistrate Judge's proposed findings and recommendations who desires to submit new, different, or additional evidence and to have a hearing for this purpose may file such a statement which *shall* state:

> 1. why the record made before the Magistrate Judge is inadequate;
>
> 2. why the evidence to be proffered (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge; and
>
> 3. the details of any testimony desired to be introduced in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced.

See Local Rule 72.1(D).  From this submission, the District Judge shall determine the necessity for an additional evidentiary hearing.

The statement of necessity offered by Petitioner fails to provide the information required by Local Rule 72.1 and, based on the objections before it, the Court does not find that an evidentiary hearing is necessary.

Moreover, the Court has reviewed this matter de novo, and finds that the Report and Recommendation is sound in all respects; that Petitioner's objections thereto offer neither law nor fact requiring departure from the Report and Recommendation and the same should be, and it hereby is, adopted *in toto*.

Petitioner further requests the appointment of counsel to represent him in this matter.  The Court finds that, because Petitioner has failed to allege a valid prima facie claim for ineffective assistance of counsel, appointment of counsel is not appropriate here and Petitioner's request will be denied accordingly. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991).

**IT IS THEREFORE ORDERED** that, for the reasons set forth therein, the **Report and Recommendation of the Magistrate Judge** (document #50) is **adopted *in toto*** and Petitioner's request for appointment of counsel is **denied**.  Accordingly, Petitioner's **Motion to Vacate under 28 U.S.C. § 2255** (document #46) is **denied** and **dismissed with prejudice.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE